Mr. Job Serebrov 133 Miller Street Fayetteville, AR 72703
Dear Mr. Serebrov:
This is in response to your request, received by this office on March 13, 1992, for certification pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title:
(Popular Name)
 AN INITIATED ACT PERMITTING VOTER REGISTRATION ON ELECTION DAY, CORRECTION OF DEFECTS IN AN EXISTING VOTER REGISTRATION ON ELECTION DAY, AND PERMITTING ANY INDIVIDUAL WHO REGISTERS OR CORRECTS AN EXISTING DEFECT ON ELECTION DAY TO VOTE ON THAT ELECTION DAY
(Ballot Title)
 AN ACT TO PERMIT VOTER REGISTRATION ON ELECTION DAY, TO PERMIT AND PROVIDE A PROCEDURE FOR CORRECTION OF DEFECTS IN AN EXISTING VOTER REGISTRATION ON ELECTION DAY, TO PERMIT ANY INDIVIDUAL WHO REGISTERS ON ELECTION DAY OR ANY INDIVIDUAL WHO CORRECTS A DEFECT IN AN EXISTING VOTER REGISTRATION ON ELECTION DAY TO VOTE ON THAT ELECTION DAY AND TO PROVIDE PENALTIES FOR VIOLATION OF THIS ACT.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits or constitutionality of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the act being referred:
(Popular Name)
ACT TO PERMIT VOTER REGISTRATION ON ELECTION DAY
(Ballot Title)
 AN INITIATED ACT TO PERMIT AND PROVIDE A PROCEDURE FOR VOTER REGISTRATION ON ELECTION DAY BY INDIVIDUALS WHO ARE ELIGIBLE TO VOTE BUT WHO ARE NOT CURRENTLY REGISTERED OR WHO WOULD OTHERWISE BE BARRED FROM VOTING BECAUSE THEY HAVE NOT TIMELY APPLIED FOR REREGISTRATION AFTER HAVING CHANGED THEIR ADDRESS OR NAME, OR AFTER HAVING FAILED TO VOTE WITHIN THE LAST FOUR YEARS; TO PERMIT SUCH INDIVIDUALS TO REGISTER OR TO CORRECT ANY DEFECT IN THEIR EXISTING REGISTRATION ON ELECTION DAY AND TO THEN BE PERMITTED TO VOTE ON THAT ELECTION DAY; TO REQUIRE INDIVIDUALS, IN ORDER TO REGISTER TO VOTE OR TO CORRECT A DEFECT IN THEIR EXISTING VOTER REGISTRATION ON ELECTION DAY, TO APPEAR IN PERSON AT THE POLLING PLACE FOR THE PRECINCT WHERE THE INDIVIDUAL RESIDES, AND COMPLETE THE APPROPRIATE VOTER REGISTRATION OR CORRECTIVE VOTER REGISTRATION FORMS AND TO SUBMIT APPROPRIATE PROOF OF RESIDENCE; TO PROVIDE THAT INDIVIDUALS WHO WILLFULLY OR FRAUDULENTLY REGISTER MORE THAN ONCE OR WHO REGISTER UNDER A FALSE NAME OR WHO ATTEMPT TO VOTE MORE THAN ONCE OR WHO WILLFULLY REGISTER IN A PRECINCT WHERE THEY ARE NOT A RESIDENT OR WHO AID AND ABET ANOTHER IN VIOLATING THIS ACT, SHALL BE GUILTY OF A FELONY; AND TO PROVIDE THAT INDIVIDUALS CONVICTED OF A FELONY UNDER THIS ACT SHALL BE PUNISHED BY IMPRISONMENT FOR NOT LESS THAN ONE (1) YEAR NOR MORE THAN FIVE (5) YEARS, OR BY A FINE NOT TO EXCEED FIVE THOUSAND DOLLARS ($5,000) OR BY BOTH A FINE AND IMPRISONMENT, AND THAT FROM THE DATE OF THEIR CONVICTION THEY SHALL BE BARRED FROM HOLDING PUBLIC OFFICE OR PUBLIC EMPLOYMENT, OR IF THEY ARE CONVICTED WHILE HOLDING PUBLIC OFFICE, THE CONVICTION SHALL BE DEEMED MALFEASANCE AND THEY SHALL BE SUBJECT TO IMPEACHMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh